PATRICIA RIVET MURRAY, Judge.
 

 | iDefendant, Chet Morrison Contractors, Inc. [“Chet Morrison”], appeals the district court’s granting of a motion for summary judgment filed by co-defendant, Central Boat Rentals [“Central Boat”], which sought indemnity from Chet Morrison. For the reasons that follow, we affirm.
 

 FACTS AND PROCEEDINGS BELOW
 

 Central Boat owned a floating quarter-barge, the CAROLINE, which it leased to Chet Morrison pursuant to a written charter agreement entered into on October 3, 2003. Swift Energy Operating, L.L.C. [“Swift”], which was renovating several oil storage/platform facilities on Lake Washington in Plaquemines Parish, had subcontracted with Chet Morrison to provide meals and/or lodging for Swift’s workers; Chet Morrison was utilizing the CAROLINE in this effort. Because of the number of workers involved in Swift’s projects on Lake Washington, Swift had also subcontracted with various other operators of floating quarterbarges to provide meals and lodging.
 

 
 *1174
 
 |aThe plaintiffs herein (Joseph Hebert, Kenneth Welch, and William Brown) at all pertinent times were employees of Dynamic Industries, Inc. [“Dynamic”], a subcontractor that Swift had hired to perform some of its renovation work. On October 22, 2004, the plaintiffs filed suit against Dynamic alleging they had contracted a gastrointestinal illness as a result of ingesting contaminated food and/or water aboard one of the quarterbarges serving workers engaged in Swift’s renovation projects. The plaintiffs later amended their petition to add Central Boat as a defendant. Central Boat tendered the defense of the suit to Chet Morrison, which Chet Morrison refused. On January 4, 2007, Central Boat filed a third party demand against Chet Morrison alleging that under the charter agreement between the two, Chet Morrison had the obligation to protect, defend and indemnify Central Boat from any claims arising out of the use of the CAROLINE.
 

 Both Central Boat and Chet Morrison brought motions for summary judgment against the plaintiffs on the basis of vessel logs purportedly showing that none of the plaintiffs had been aboard the CAROLINE during the relevant time period. In addition, Central Boat brought a motion for summary judgment for contractual defense and indemnity against Chet Morrison. The trial court heard these motions on December 8, 2008. On December 19, 2008, the trial court rendered judgment granting Central Boat’s and Chet Morrison’s motions for summary judgment against the plaintiffs and dismissing with prejudice the plaintiffs’ claims against those defendants. In the same judgment, the trial court granted Central Boat’s motion for summary judgment seeking contractual defense Rand indemnity against Chet Morrison, and afforded Central Boat thirty days within which to submit its attorney fees and costs of litigation. The trial court also designated its judgment as final in accordance with La. C.C. P. art. 1915(B).
 

 On January 14, 2009, Chet Morrison took this suspensive appeal from the granting of Central Boat’s motion for contractual defense and indemnity.
 

 ISSUE
 

 The sole issue on appeal is whether the trial court was correct in determining that the charter agreement obligated Chet Morrison to provide Central Boat with a defense to the claims of the plaintiffs herein.
 

 DISCUSSION
 

 In the agreement, entitled “Quarterboat Time Charter,” Central Boat is referred to as “OWNER” and Chet Morrison as “CHARTERER.” The pertinent provision of the agreement is Section 4.5, which reads, in pertinent part:
 

 Employees of OWNER.
 
 As to any services contemplated by this Charter, OWNER shall indemnify and hold CHARTERER harmless from and against all claims, suits, or demands (whether or not there be any basis in law or in fact for same and including but not limited to those for bodily injury, illness, disease, death or loss of services or wages) brought against CHARTERER or in which CHARTERER is named as a party defendant by any employee of OWNER, regardless of whether or
 
 not
 
 any such claim, suit or demand shall arise, in whole or in part, from any negligent act or fault of CHARTERER, or strict liability or unseaworthiness of the Vessel. OWNER shall defend any and all such claims and suits at its sole expense and shall bear all other costs and expenses related thereto, but may investigate, negotiate and settle any such claim or suit as it deems expedient.
 

 
 *1175
 

 Employees of CHARTERER.
 
 As to any use of the Vessel by this Charter, CHARTERER shall indemnify and hold OWNER harmless from and against all claims, suits, or demands (whether or not there be any basis in law or in fact for same and including but not limited to those for bodily injury, illness, disease, death or loss of services or wages) brought against OWNER or in which OWNER is named as a party defendant by any | ¿employee of CHARTERER, regardless of whether or not any such claim, suit or demand shall arise, in whole or in part, from any negligent act or omission of OWNER, or strict liability or unseaworthiness of the Vessel. CHARTERER shall defend any and all such claims and suits at its sole expense and shall bear all other costs and expenses related thereto, but may investigate, negotiate and settle any such claim or suit as it deems expedient.
 

 Employees of Subcontractor.
 
 For the purpose of the preceding indemnity agreements, any employees of any subcontractor of OWNER shall be deemed to be an employee of OWNER, but only as to acts or omissions in connection with the performance of services contemplated by this Charter. For the purpose of the preceding indemnity agreements, any employee of any subcontractor or invitee of CHARTERER shall be deemed to be an employee of CHARTERER, but only as to liabilities in connection with performance or use of the Vessel contemplated by this Charter.
 

 Other Persons.
 
 Neither party hereto shall be required to indemnify the other on account of any claims, suits or demands asserted on account of injury to or death of any person not an employee of CHARTERER or its subcontractors or invitees, or of OWNER or its subcontractors.
 

 On appeal, Chet Morrison argues that under the terms of this Charter, the plaintiffs herein qualify as “Other -Persons” rather than as invitees of Chet Morrison, and therefore Chet Morrison was not required to provide Central Boat’s defense. The basis of Chet Morrison’s argument is that because the plaintiffs were unable to prove that any of them was ever aboard the CAROLINE, they cannot be considered as invitees of Chet Morrison.
 

 Conversely, Central Boat argues that the trial court’s ruling was correct because the indemnity provisions of the agreement expressly cover all claims “whether or not there be any basis in law or in fact for same.” This language clearly indicates that the claimant’s status (as either an invitee or an “other person” within the terms of the indemnity provisions) must be determined by the allegations of the petition, regardless of whether those allegations are ultimately proved.
 

 We agree with Central Boat that the trial court correctly applied the terms of the charter agreement. The plaintiffs herein alleged that they became ill from food 15or water they ingested onboard one or more quarterbarges that were being used to feed and/or house them while they were working for Dynamic on one of ■ Swift’s projects in Lake Louise. In their Second Amended Petition, which added Central Boat as a defendant, the plaintiffs alleged that Central Boat was the “owner and/or charterer of the barges which caused plaintiffs’ injuries.” Had plaintiffs been able to prove this allegation, they would have unquestionably qualified as business invitees of Chet Morrison, which was the charterer and operator of the vessel (the CAROLINE) owned by Central Boat. Clearly the plaintiffs sued in the capacity of business invitees, as that is what they claimed to be.
 

 
 *1176
 
 Ultimately, however, the plaintiffs were unable to prove that the CAROLINE was one of the barges upon which they had eaten or slept, and therefore the trial court granted summary judgment dismissing their claims against both Central Boat and Chet Morrison. Nevertheless, under the express terms of the charter agreement, which provides for indemnity against all claims
 
 whether or not those claims have a basis in law or in fact,
 
 the plaintiffs’ inability to prove their claims does not change the nature of those claims into ones being asserted by “other persons” rather than by invitees of the vessel operator.
 

 We therefore conclude that because the claims were brought against Central Boat by persons who, if all their allegations had been proved as true, would have been invitees of Chet Morrison, the charter agreement obligated Chet Morrison to provide Central Boat’s defense. Accordingly, we find no error in the trial court’s granting of Central Boat’s motion for summary judgment against Chet Morrison.
 

 ^CONCLUSION
 

 For the reasons stated, we affirm the judgment of the trial court.
 

 AFFIRMED.